UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KIMBERLY L. SCHAUT,

        Plaintiff,

  v.                                  Case No. 20-cv-1892-pp

ANDREW M. SAUL,

        Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

_____

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married, and she has a 17-year-old daughter she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists income of $500 per month ($352.80 maintenance, $174.20 child support.) Id. at 2. The plaintiff's monthly expenses total $475 ($200 rent, $275 other

1

household expenses). Id. at 2-3. The plaintiff owns a 1999 Jeep Cherokee worth approximately $1,500 and she has approximately $130 in cash on hand or in a checking or savings account. Id. at 3. The plaintiff states, "[a]s of Feb. 2021 I will no longer have maintenance + child support of $500 so I will have no income at all." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that the Commissioner of Social Security denied the plaintiff Social Security Disability Insurance for lack of disability, that the plaintiff is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to federal laws and regulations. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for

2

Case 1:20-cv-01892-PP   Filed 12/23/20   Page 2 of 3   Document 5

the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 1:20-cv-01892-PP   Filed 12/23/20   Page 3 of 3   Document 5